## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **Carlos Espinoza Garcia; Ricardo Ortiz Garcia; Raul Cruz Jinez;** and **Jairo Uriel Cruz Perez**, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> **RickeyO Construction, LLC; Richard Ozment**, *Individually; and* **Benjamin Ward**, *individually*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

**COME NOW** Plaintiffs Carlos Espinoza Garcia; Ricardo Ortiz Garcia; Raul Cruz Jinez; and Jairo Uriel Cruz Perez (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, and for their Complaint against RickeyO Construction, LLC; Richard Ozment; and Benjamin Ward (hereinafter collectively "Defendants"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiffs bring this collective action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiffs bring this collective action, on behalf of themselves and all others similarly situated, against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

1

3. Plaintiffs allege that Defendants' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiffs seek, on behalf of themselves and all others similarly situated, declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiffs Carlos Garcia, Ricardo Garcia, Raul Jinez, and Jairo Perez are adult residents of Memphis, Tennessee.

6. Plaintiffs and prospective members of the collective are current and former individuals employed by Defendants on an hourly basis who were denied the statutorily required overtime premium for all hours worked in excess of forty hours in a workweek.

7. Upon information and belief, Defendant Richard Ozment is an adult resident of Byhalia, Mississippi.

8. Upon information and belief, Defendant Benjamin Ward is an adult resident of Senatobia, Mississippi.

9. RickeyO Construction, LLC is a Mississippi-based company, and may be reached for service through its registered agent, Patty Lynn Clanton, 765 Plantation Way, Byhalia, MS 38611.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

11. Defendant RickeyO Construction is a legal entity registered in the State of Mississipi, but does regular and extensive business in the state of Tennessee and conducted the illegal pay

practices alleged in this complaint in the State of Tennessee. Therefore, this Court has personal jurisdiction over Defendant RickeyO Construction, LLC.

12. Upon information and belief, Defendant Richard Ozment, as principal and manager of RickeyO Construction, does regular and extensive business in the state of Tennessee and conducted the illegal pay practices alleged in this complaint in the State of Tennessee. Consequently, this court has personal jurisdiction over him.

13. Upon information and belief, Defendant Benjamin Ward is a resident of Mississippi, and does regular and extensive business under an unregistered business named "Interior Finish Systems" in the state of Tennessee and conducted the illegal pay practices alleged in this complaint in the state of Tennessee. Consequently, this court has personal jurisdiction over him.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's and prospective members of the collective's claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly-paid employees of Defendants who are or were employed by Defendant for the period of three years prior to the commencement of this action to the present, and who are not or were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

16. This Complaint may be brought and maintained as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs because their claims are similar to collective action members or putative collective action members.

17. Plaintiffs and putative collective action members are similarly situated because they worked as hourly-paid employees for Defendants and were subject to Defendants' common practice, policy, or scheme of misclassification of employees as independent contractors and failure to pay overtime wages for all hours worked over forty in a workweek.

## FACTUAL BACKGROUND

18. Upon information and belief, Defendant Benjamin Ward owns, operates, and manages a business as a sole proprietor under the name Interior Finish Systems.

19. Upon information and belief, Defendant Richard Ozment owns and operate a registered business under the name of RickeyO Construction, LLC.

20. Together, Interior Finish Systems and RickeyO Construction, LLC operate as an integrated enterprise and a single employer.

21. In October 2019, Defendants jointly employed Plaintiff Carlos Garcia to work as a Painter.

22. In November 2021, Defendants jointly employed. Plaintiff Ricardo Garcia to work as a Painter.

23. Since 2011, Defendants have jointly employed Plaintiff Raul Jinez, to work as a Painter.

24. Since 2020, Defendants have jointly employed Plaintiff Jairo Perez to work as a Painter.

25. Defendants paid its employees, including Plaintiffs, as though they were independent contractors, using Forms W-9 and 1099.

26. Despite Defendants characterization of their employees as "contractors," the nature and degree of control of its employees; the exclusive nature of the employment relationship; and the degree of permanency of that relationship establishes that Defendants' workers were employees and not independent contractors under the applicable laws and

regulations.

27. Defendants employ several foremen and dozens of painters, drywall installers, finishers, and ceiling specialists.

28. All of these workers, including Plaintiffs, were and are paid an hourly rate for all hours worked.

29. None of these workers were or are paid an overtime premium for hours worked over forty in a workweek.

30. For the duration of his employment, Defendants paid Carlos Garcia an hourly rate of $19.00.

31. For the duration of his employment, Defendants paid Ricardo Garcia an hourly rate of $16.00.

32. Defendants currently pay Raul Jinez an hourly rate of $20.00.

33. Defendants currently pay Jairo Perez an hourly rate of $19.00.

34. Defendants regularly scheduled employees, including Plaintiffs, to work seven days per week, from 7:00am to 7:00pm.

35. Plaintiffs and all others similarly situated were required to text their hours worked to David Bolanos.

36. As Painters, Plaintiffs regularly worked an average of 84 hours per week.

37. Although Plaintiffs received their paychecks from RickyO Construction, the authority to hire and fire employees of the enterprise was exercised exclusively by Benjamin Ward.

38. Similarly, the supervision and control of the work schedules and conditions of employment of the employees of the enterprise was exercised by Benjamin Ward and his direct agents.

39. All employees of the enterprise were given t-shirts to wear emblazoned with the Interior

Finish Systems logo.

40. All employees of the enterprise needing time off were required to request such leave from Benjamin Ward.

41. When Benjamin Ward's foreman frequently complained that he and his workers did not receive proper overtime pay, Mr. Ward dismissively disregarded his concerns.

42. In 2021, Raul Jinez was involved in a dispute with his supervisor over working on Sundays; shortly, thereafter, Benjamin Ward fired Mr. Jinez by text.

43. When Mr. Jinez approached Richard Ozment about getting his job back, Ozment told him that only Ward could do that and advised him to let Ward "cool off" before approaching him.

44. When Mr. Jinez texted Ward about giving him another chance, Ward responded flatly, "No."

45. Mr. Jinez was offered his job back three months later and has been working for the enterprise ever since.

46. On or about November 26, 2021, Plaintiffs Carlos Garcia and Ricardo Garcia were terminated and were told Benjamin Ward no longer needed them.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiffs reallege and incorporate all allegations above as if actually set forth herein.

48. At all relevant times, Defendant RickeyO Construction, LLC was an employer engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

49. At all relevant times, Defendant Benjamin Ward was the owner of Interior Finish Systems and exercised significant control over the operations of the enterprise comprised of Interior Finish Systems and RickeyO Construction, LLC.

6

50. At all relevant times, Defendant Benjamin Ward exercised the authority to: (a) hire and fire employees of RickeyO Construction, LLC; (b) determine the work schedules of the employees of RickeyO Construction, LLC; and (c) control the RickeyO Construction, LLC's employees' rate of pay.

51. Given this level of control exerted over the enterprise's operations, Defendant Benjamin Ward was an employer within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times, Defendant Richard Ozment was a principal and manager of RickeyO Construction, LLC.

53. As manager of the company, Richard Ozment was integrally involved in the compensation of his employees and signed all paychecks.

54. Given his ownership and managerial role in the company and level of control exerted over its operations and compensation practices, Defendant Richard Ozment was an employer within the meaning of the FLSA, 29 U.S.C. § 203.

55. At all relevant times, Defendants "employed" Plaintiffs and employees similarly situated to them within the meaning of the FLSA, 29 U.S.C. § 203(g).

56. The FLSA requires that covered employers, including Defendants, compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

57. At all relevant times, Defendants improperly classified and paid Plaintiffs and all other similarly situated employees as independent contractors.

58. At all relevant times, Plaintiffs and all other similarly situated employees did not satisfy the criteria for independent contractors under the FLSA.

59. At all relevant times, Plaintiffs and similarly situated employees were non-exempt

employees within the meaning of the FLSA, 29 U.S.C. § 213.

60. At all relevant times, Plaintiffs and similarly situated employees were entitled to an overtime premium at a rate of not less than one and one-half their regular rate of pay for work performed in excess of forty hours in a work week

61. During the relevant period, Plaintiffs and those similarly situated to them routinely worked more than forty hours per week but were not paid an overtime premium, despite frequent complaints regarding this failure to pay overtime.

62. Benjamin Ward's foreman repeatedly complained about Defendants' failure to pay their employees properly for their overtime, establishing awareness of its illegal pay practices on the part of Defendants.

63. As a result of Defendants' failure to compensate Plaintiffs and similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

64. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Carlos Espinoza Garcia; Ricardo Ortiz Garcia; Raul Cruz Jinez; and Jairo Uriel Cruz Perez, and employees similarly situated to them, pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of Carlos Espinoza Garcia; Ricardo Ortiz Garcia; Raul Cruz Jinez; and Jairo Uriel Cruz Perez as Representative Plaintiffs of the collective in this FLSA representative action;

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*