IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Carlos Espinoza Garcia; Ricardo Ortiz Garcia; Raul Cruz Jinez;** and **Jairo Uriel Cruz Perez,** *on behalf of themselves and all others similarly situated*,<br><br>　　Plaintiffs,<br><br>v.<br><br>**RickeyO Construction, LLC;**<br>**Richard Ozment,** *individually*; and<br>**Benjamin Ward,** *individually,*<br><br>　　Defendants. | Civil Action No. 2:23-cv-02426 |

### *CORRECTED* JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND MEMORANDUM OF LAW IN SUPPORT

The Parties, Plaintiffs Carlos Espinoza Garcia, Ricardo Ortiz Garcia, Raul Cruz Jinez, and Jairo Uriel Cruz Perez (hereinafter collectively, "Plaintiffs') and Defendants RickeyO Construction, LLC, Richard Ozment, and Benjamin Ward (hereinafter collectively "Defendants"), through undersigned counsel, jointly move this Court to approve the settlement reached by the Parties of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., unpaid wage claims in this case and to dismiss the entire above-captioned matter with prejudice, and in support thereof state as follows:

1. On October 6, 2021, Plaintiffs filed this action on behalf of themselves and others similarly situated alleging that Defendants failed to comply with the overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. The allegations asserted by Plaintiffs include failure to pay the applicable FLSA overtime

4882-9370-0879

premium for all hours worked in excess of forty (40).

3. Defendants deny all allegations of wrongdoing and assert that Plaintiffs and those similarly situated were paid all wages owed to them.

4. The Parties have exchanged information informally through the Fed. R. Civ. P. 26 disclosure requirements for purposes of attempting to resolve this matter, including, but not limited to, job descriptions, pay stubs, and time records. The Parties have engaged in extensive discussions and written exchanges in order to fully understand the arguments of each side and to work toward a resolution.

5. The Parties, having negotiated a settlement, now seek approval from the Court of the Settlement Agreement to fully resolve Plaintiffs' unpaid wage claims and secure dismissal of Plaintiffs' claims, with prejudice.

6. As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute.

7. The Parties respectfully aver that good cause has been shown as for approval of this settlement and dismissal of this case with prejudice.

## MEMORANDUM OF LAW

A. <u>Nature of the Dispute</u>

Plaintiffs worked for Defendant RickeyO Construction for varying length of time between 2020 and 2024. Plaintiffs allege that Defendant failed to pay them overtime wages for hours work over forty (40) per week and that Defendant justified this non-payment by wrongfully classifying them as independent contractors rather than employees. Plaintiffs further allege that Defendant Benjamin Ward, as the contractor sending work to RickeyO Construction,

is likewise liable to them for unpaid overtime by virtue of the joint enterprise or joint employer doctrines under the FLSA.

Defendants deny any wrongdoing or fault and specifically deny Plaintiffs allegations, contending that no amounts are due to Plaintiffs, because *inter alia*, Plaintiffs were properly classified as independent contractors. Defendant Ward further avers that he is neither a joint employer nor engaged in a joint enterprise with Co-Defendant RickeyO Construction.

Despite these differences, the Parties acknowledge that they have a dispute that is unlikely to be resolved without the risk and expense of further discovery, litigation, and trial.

B.   Summary of the Settlement

After careful consideration of the relevant facts materially to the dispute, the Parties negotiated at length and eventually agreed to a settlement. Under the settlement, Plaintiffs will receive wages for the time allegedly worked by them over and above forty (40) hours in a week. The specifics of the disbursement settlement checks are detailed in the Settlement Agreement attached as **Exhibit 1**. This settlement compensates Plaintiffs for at least the applicable overtime rate for the time claimed worked over and above forty (40) hours in a workweek, plus an additional, compromised amount for liquidated damages. Additionally, the Settlement Agreement provides that Defendants will pay a total of $29,456.00 to Plaintiff's counsel as attorneys' fees and costs. The Parties agree that this is a reasonable resolution of Plaintiff's claims.

C.   The Court Should Approve the Parties' Agreed Upon Resolution of this Case.

In this case, the Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents the Parties on both sides, and the agreed settlement reflects a fair and reasonable compromise of disputed issues.

An FLSA claim, except in two circumstances, cannot be waived or resolved through agreement of the parties. *Martin v. Indiana Michigan Power Co.*, 292 F.Supp.2d 947, 959-60 (W.D. Mich. 2002). The only two ways that an FLSA claim can be resolved through agreement of the parties are (1) that the Secretary of Labor can supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the district court for approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262–63 (M.D. Ala. 2003). Here, the Parties request the Court approve the Parties' agreed-upon resolution of all claims in this case.

It is generally agreed that a district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, should scrutinize it for fairness, and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353, 1355. In *Lynn's Food Stores,* the court established the following factors for a district court to examine to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353–54.

Here, the Parties agree that there is a *bona fide* dispute as to whether Plaintiff was properly paid for any and all hours worked over forty (40) hours a week. As such, the resolution was indisputably reached in an adversarial context.

The Parties submit to the Court that the terms of the resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages

were available to Plaintiff under the FLSA and also the amount of damages, if any, that were available to the Plaintiff under the FLSA. *See*, Settlement Agreement attached hereto as **Exhibit 1**.

The complexity, expense, and length of future litigation also support approval of this settlement. The Parties continue to disagree over the merits of the claims Plaintiffs asserted. As explained above, Plaintiffs contends Defendants failed to pay them for hours allegedly worked in excess of forty (40) in any workweek. Defendants maintain that Plaintiffs were independent contractors and, therefore, fully and properly compensated for all hours actually worked by them. If the Parties continued to litigate this matter, they would be forced to engage in additional discovery, possible motion practice, and, ultimately, a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs. With the Court's approval, the Parties will resolve all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs.

## **CONCLUSION**

For the foregoing reasons, the Parties jointly request that the Court enter an Order approving the Parties' agreed-upon resolution of the claims brought in this action and dismiss this action with prejudice based on the Parties' agreement.

Respectfully submitted, this, the 21st day of October, 2024.

s/Philip E. Oliphant
Philip E. Oliphant, TN Bar No. 25990
THE ROLWES LAW FIRM
Memphis, TN 38103
Phone: 901.519.9135
Fax: 901.979.2499
Email: poliphant@rolweslaw.com

*Counsel for Plaintiffs*

s/Gerald E. Bradner
Kenneth A. Weber, TN Bar No. 015730
Gerald E. Bradner, TN Bar No. 40714
BAKER DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: 901.579.3131
Fax: 615.744.5640
Email: kweber@bakerdonelson.com
Email: gbradner@bakerdonelson.com

*Counsel for Defendant Benjamin Ward*

s/L. Clayton R. Marshall
Michael R. Marshall, TN Bar No. 15225
L. Clayton Culpepper, III, TN Bar No. 23583
Lewis C. Culpepper, III,
EVANS │ PETREE, P.C.
1715 Aaron Brenner Dr., Suite 800
Memphis, TN 38120
Phone: 901.521.4562
Email: mmarshall@evanspetree.com
Email: cculpepper@evanspetree.com

*Counsel for Defendants Richard Ozment and RickeyO Construction, LLC*