IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CARLOS ESPINOZA GARCIA, RICARDO ORTIZ GARCIA, RAUL CRUZ JINEZ, and JARIO URIEL CRUZ PEREZ,** *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> **RICKEYO CONSTRUCTION, LLC, RICHARD OZMENT,** *individually*, **and BENJAMIN WARD,** *individually*, <br><br> Defendants. | Case 2:23-cv-02426-atc |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSING PLAINTIFFS' CLAIMS**

Before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, and their Settlement Agreement and Release (the "Settlement Agreement"), filed October 22, 2024. (ECF No. 50.)[1] The parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 15.) For the reasons set forth below, the Motion is GRANTED, and the case is DISMISSED WITH PREJUDICE.

**FACTUAL BACKGROUND**

On July 13, 2023, Plaintiffs filed their Complaint as a collective action against Defendants for "unpaid wages, overtime compensation, and related penalties and damages" in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 1 ¶ 2.)

---

[1] The parties had previously filed the Motion and Settlement Agreement on October 21, 2024, but refiled them to correct the case number listed on the documents. (ECF Nos. 46, 47.)

Plaintiffs allege that Defendants improperly classified and paid them, and all other similarly situated employees, as independent contractors. (*Id.* ¶ 57.) Plaintiffs assert that they were instead employees because of the nature and degree of Defendants' control over them. (*Id.* ¶ 26.) As a result, Plaintiffs claim that they were improperly denied overtime compensation. (*Id.* ¶ 29.)

The parties now seek this Court's approval of their settlement and resolution of Plaintiffs' unpaid wage claims. Under the terms of the Settlement Agreement, Defendants will pay Plaintiffs a total of $90,000. (ECF No. 50-1, at 1.)[2] That sum represents "time allegedly worked by [Plaintiffs] over and above forty (40) hours in a week" and "an additional, compromised amount for liquidated damages." (ECF No. 50, at 3.) The sum also includes $29,456 to Plaintiffs' counsel in attorneys' fees and costs. (*Id.* at 1.)

## ANALYSIS

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, such as failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages. *See* 29 U.S.C. § 216(b). "[T]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employers and employees": (1) via payments to the employees as supervised by the Secretary of Labor, or (2) if the employees filed an FLSA suit, by presenting a proposed settlement to the district court for its approval. *Mezger v. Price CPAs, PLLC*, No. 3:08-cv-0163, 2008 WL 11510632, at *3 (M.D. Tenn. Apr. 21, 2008) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also* 29 U.S.C. § 216(a), (b).[3]

---

[2] That payment is to be distributed among Plaintiffs in various amounts reflected in the Settlement Agreement.

[3] The Court is aware of recent decisions from district courts within the Sixth Circuit finding that judicial approval of FLSA settlements is neither required nor permissible. *See, e.g.*, *Gilstrap v. SUSHINATI LLC*, 734 F. Supp. 3d 710 (S.D. Ohio 2024); *Askew v. Inter-Cont'l Hotels Corp.*,

Here, the parties seek the Court's approval of their proposed settlement. That approval process requires a court to "scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Thompson v. Deviney Constr. Co., Inc.*, No. 2:16-cv-03019-JPM-dkv, 2017 WL 10662030, at *2 (W.D. Tenn. Dec. 15, 2017) (quoting *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012)); *see also Lynn's Food Stores*, 679 F.2d at 1355. In doing so, "the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute." *Guerrero v. Astha Vinayak LLC*, No. 2:24-cv-02619-SHL-atc, 2024 WL 4648006, at *2 (W.D. Tenn. Oct. 31, 2024) (citing *Lynn's Food Stores*, 679 F.2d at 1354).

The first two factors are met in this case. The pleadings evidence that this matter was litigated by adversaries represented by experienced counsel. *See, e.g.*, *Guerrero*, 2024 WL

---

620 F. Supp. 3d 635 (W.D. Ky. 2022). Other courts have found, in contrast, that Sixth Circuit precedent indicates such approval is required, though acknowledging that the Sixth Circuit has not definitively decided the question. *See, e.g.*, *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1027–28 (W.D. Tenn. 2016) (reading *Runyan v. Nat'l Cash Register Corp.*, 787 F.2d 1039 (6th Cir. 1986), which interpreted the enforceability of ADEA settlements by analyzing FLSA authority "because the ADEA adopted the enforcement provisions of the FLSA," as "indicat[ing] that the Sixth Circuit, if presented with the same issue under the FLSA, would require court approval of settlements or stipulations of dismissal"); *see also Smyers v. Ohio Mulch Supply Inc.*, No. 21-3008/09, 2021 WL 2774665 (6th Cir. July 1, 2021) (reversing the attorneys' fee portion of the district court's FLSA settlement approval and remanding for reconsideration of the appropriate amount to approve, but not addressing the remainder of the approved settlement). Indeed, "district courts in the Sixth Circuit have regularly required court approval of FLSA settlements." *Bell v. Hyosung Hico, Ltd. Co.*, No. 2:23-cv-2628-MSN-atc, ECF No. 30 (W.D. Tenn. Feb. 13, 2025) (collecting cases). In light of these conflicting decisions, the lack of clear guidance from the Sixth Circuit, the regular practice of courts in this district, and the fact that the parties have neither raised nor briefed the issue, the Court proceeds with the approval analysis set out in *Lynn's Food Stores*.

3

4648006, at *2; *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-cv-44, 2016 WL 7320890, at *2 (W.D. Ky. Dec. 15, 2016) (finding a factual dispute as to whether the plaintiffs were employees or independent contractors, which created a *bona fide* FLSA dispute (citing *Lilley v. BTM Corp.*, 958 F.2d 746, 750 n.1 (6th Cir. 1992))).

The third factor is satisfied as well. In determining whether an FLSA settlement is fair and reasonable, courts evaluate the following additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Thompson*, 2017 WL 10662030, at *2 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). A court need only consider the factors relevant to the settlement. *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015) (citing *Gentrup v. Renovo Services, LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *3 (S.D. Ohio Jun. 24, 2011)).

These factors indicate the settlement in this case is fair and reasonable. The parties jointly negotiated the settlement agreement and have provided no indication of fraud or collusion. In addition, "Defendants maintain that Plaintiffs were independent contractors and, therefore, fully and properly compensated for all hours actually worked" (ECF No. 50, at 5), indicating that continued litigation of this matter would result in additional discovery, extensive and potentially complicated motion practice, and a costly trial. Furthermore, the parties' counsel indicate support for the proposed settlement by conferring and jointly filing this Motion. These factors weigh in favor of approving the Settlement Agreement.

Accordingly, the Court finds that the parties and the record in this matter demonstrate that the settlement is a fair and reasonable resolution of their *bona fide* FLSA dispute.  The Settlement Agreement is therefore approved.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice.  The Settlement Agreement is approved, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

SO ORDERED this 25th day of February, 2025.

                                        s/ Annie T. Christoff
                                        ANNIE T. CHRISTOFF
                                        UNITED STATES MAGISTRATE JUDGE